ANNA C. KIANDER *vs.* BROOKLINE GAS LIGHT COMPANY.

Suffolk.    March 12, 1901. — June 18, 1901.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Negligence,* Contributory negligence and due care.

A tenant in a building having a right to use a water closet in the basement, who goes into the closet in the dark without a light and bumps his head against a protruding gas pipe which has been in the same place during the whole of the two months that he has occupied his premises, is not in the exercise of due care and cannot recover for an injury thus incurred.

TORT to recover for personal injuries caused by the plaintiff striking her head against a gas pipe alleged to have been placed wrongfully and negligently by the defendant across a portion of the doorway of a water closet in the basement of No. 19 Union Park Street, which the plaintiff as a tenant of that building had a right to use. Writ dated December 11, 1895.

At the trial in the Superior Court, before *Hopkins*, J., without a jury, it appeared, that the plaintiff carried on a store and bakery on the first floor of the building named; that she went to her store at four A. M. on December 2, 1895, and between six and seven o'clock had occasion to go to the water closet in the basement; that she went down a staircase leading from her store to the basement; that it was dark, and before opening the door which led to the stairs she scratched a match, with which she lit a gas light half way down the stairs; that the stairway was a crooked one; that as she came down stairs the opening to the water closet was on her left; that she stepped from the bottom step into the basement, turned to the left and walked a step or two, so that she faced into the water closet; that she stepped up with her right foot, that "you had to kind of stoop," and that something struck her on the right side of the head.

On cross-examination, the plaintiff testified that it was dark in the basement even with the gas lighted on the stairs, and that she did not light any matches as she went into the closet.

It further appeared, that there was a pipe of the defendant at the place described by the plaintiff in the front part of the water closet, that this pipe had been put in in April of 1894, and that the plaintiff was a tenant at will of the store and bakery which she had occupied since about the first of October, 1895; that the water closet was the only one in the building and was not let with the plaintiff's premises but that she had the right of using it.

At the close of the evidence, the plaintiff requested the judge to rule that as a matter of law she could recover, and asked the judge to find for the plaintiff. The judge refused so to rule, and found for the defendant; and the plaintiff alleged exceptions.

*E. R. Anderson*, for the plaintiff.

*W. I. Badger & E. K. Woodworth*, for the defendant.

LORING, J. The judge was warranted in finding that the plaintiff was guilty of contributory negligence. She had been using the closet for two months and one day, and must have been familiar with the gas pipe in question. Yet she went into the closet between six and seven o'clock in the morning of December 2, without a light, and bumped her head against the pipe.

*Exceptions overruled.*